IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL MORRIS,

                        Petitioner,                          ORDER

        v.
                                                    08-cv-100-bbc

BRADLEY HOMPE, Warden,
Stanley Correctional Institution,

                        Respondent.

---

This petition for a writ of habeas corpus is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  Although petitioner Micahel Morris has requested leave to proceed *in forma pauperis*, he has paid the $5 filing fee.  Petitioner is an inmate at the Stanley Correctional Institution in Stanley, Wisconsin.  He challenges a January 12, 2007 decision of the Wisconsin Division of Hearings and Appeals revoking his parole in Milwaukee County case 99 CF 1882.  Because petitioner is in custody in an institution located in this district, the petition is properly filed in this court.  28 U.S.C. § 2241(d).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the district court may dismiss a petition summarily if "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  It appears that petitioner has procedurally defaulted his claims by failing to appeal the denial of his petition for a writ of certiorari to the state court of appeals.  I will allow him further time to respond to the court's concerns and show whether he has satisfied either exception to the default rule or the

petition will be dismissed. I will reserve ruling on his request to proceed *in forma pauperis* until that time.

From the petition, its attachments and state court records available electronically, I understand petitioner to be alleging the following:

### ALLEGATIONS OF THE PETITION

Following the revocation of his parole, petitioner appealed to David Schwarz, Administrator of the Division of Hearings and Appeals. On February 2, 2007, Schwarz issued a decision sustaining the administrative law judge's decision. Pursuant to Wis. Stat. § 893.735(2), petitioner had 45 days, or until March 19, 2007, to file a petition for writ of certiorari in state court. Dkt. #4, Pt. 2 at 1-2. Petitioner placed his completed certiorari petition in the prison mail receptacle on Sunday, March 18, 2007. The Milwaukee County Circuit Court received the certiorari petition on March 23, 2007, four days after the expiration of petitioner's statutory filing deadline, and dismissed it as untimely on March 23rd. The circuit court denied petitioner's subsequent request for reconsideration on April 9, 2007, finding that petitioner did not submit any new facts or law supporting his request. Dkt. #4, Pt. 2 at 17-18. Court records available electronically for the Milwaukee County Circuit Court indicate that petitioner did not appeal the circuit court's decision. *See* Consolidated Court Automation Programs (CCAP), WI Circuit Court Access for Milwaukee County case no. 07 IP 000016 at http://wcca.wicourts.gov (visited Feb. 20, 2008). Wis. Stat. § 808.04 requires that an appeal to

2

the court of appeals must be initiated within 45 days of entry of a final judgment.  Petitioner

filed his petition for writ of habeas corpus in this court on February 13, 2008.  Dkt. #1.


DISCUSSION

Before seeking a writ of habeas corpus in federal court, a petitioner must first exhaust any

state court remedies that are available to him in state court.  28 U.S.C. § 2254(b)(1)(A).  In

order to comply with this requirement, a state prisoner "must give the state courts one full

opportunity to resolve any constitutional issues by invoking one complete round of the State's

established appellate review process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  When

a petitioner fails to fairly present to the state courts the claim on which he seeks relief in federal

court and the opportunity to present that claim in state court has passed, the petitioner has

procedurally defaulted his claim.  *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004).

Petitioner appears to have procedurally defaulted his claims because he failed to appeal

the dismissal of his petition for certiorari to the Wisconsin Court of Appeals and his opportunity

for doing so has passed.  Where a petitioner commits procedural default, the federal court must

deny the defaulted claim with prejudice, thereby foreclosing petitioner's opportunity for federal

review of the claims, unless the petitioner can show (1) cause for the default and prejudice

resulting therefrom, or (2) that enforcing the default would lead to a miscarriage of justice.

*Perruquet*, 390 F.3d at 514 (citing *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Murray v. Carrier*,

477 U.S. 478, 495-96 (1986)).  To establish cause, petitioner must show that "some objective

factor external to the defense" impeded his efforts to comply with the state's procedural rule.

3

*Id.* at 514-15. Alternatively, to show a miscarriage of justice, petitioner must convince the court that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. Petitioner does not assert that he meets either exception.

Before dismissing the petition, however, I will allow petitioner the opportunity to present any additional facts that might show that he did not commit procedural default or that he meets one of the exceptions to the procedural default doctrine.

For petitioner's sake, I note that a lawyer's refusal to file an appeal in this case could not constitute cause for procedural default because a prisoner does not have a right to counsel to appeal an administrative decision to revoke parole. *State ex rel. Griffin v. Smith*, 2004 WI 36, 270 Wis. 2d 235, 677 N.W. 2d 259 (Wisconsin parolees have no right under either federal constitution or state law to have lawyer file timely petition for certiorari review of revocation decision). *Accord Ross v. Moffitt*, 417 U.S. 600, 610-611 (1974) (no right to counsel on discretionary appeals); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (due process clause does not require states to provide counsel to all probationers facing probation revocation). Similarly, *pro se* status and lack of familiarity with the intricacies of the law or court system do not constitute adequate grounds for cause. *Barksdale v. Lane*, 957 F.2d 379, 385-86 n.15 (7th Cir. 1992) (citing *McKinnon v. Lockhart,* 921 F.2d 830, 832-33 n.5 (8th Cir. 1990)); *see also Vasquez v. Lockhart*, 867 F.2d 1056, 1058 (8th Cir. 1988).

It is unclear whether petitioner could actually avail himself of the miscarriage of justice exception because he is challenging a revocation decision and not his actual

conviction.  *See Dellinger v. Bowen*, 301 F.3d 758, 767 (7th Cir. 2002) (refusing to apply miscarriage of justice standard where petitioner was challenging sentence and not underlying conviction).  In any event, petitioner will have to adduce <u>new</u> evidence showing that but for the alleged constitutional errors in the revocation decision process, he probably would have been found innocent of the conduct resulting in his parole revocation.  *See Schlup v. Delo*, 513 U.S. 298, 325-27 (1995) (to satisfy exception, petitioner must show that more likely than not, no reasonable juror would have convicted him in light of newly discovered evidence of innocence).

ORDER

IT IS ORDERED that petitioner has until March 21, 2008 within which to show cause why his petition should not be dismissed for procedural default.  If petitioner fails to make such a showing, or if he fails to file a response within this deadline, the court will find that his petition is untimely and will enter an order dismissing the petition with prejudice.

Entered this 20th day of February, 2008.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

5