IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL MORRIS,

                    Petitioner,                              OPINION AND ORDER

          v.
                                                             08-cv-100-bbc

BRADLEY HOMPE, Warden,
Stanley Correctional Institution,

                    Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This petition for a writ of habeas corpus is before the court for preliminary review

pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Although petitioner Michael

Morris has requested leave to proceed in forma pauperis, he has paid the $5 filing fee.

Petitioner is an inmate at the Stanley Correctional Institution in Stanley, Wisconsin. He

challenges a final decision of the Wisconsin Division of Hearings and Appeals revoking his

probation in Milwaukee County case 99 CF 1882. Because petitioner is in custody in an

institution located in this district, the petition is properly filed in this court. 28 U.S.C. §

2241(d).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the district court may

dismiss a petition summarily if "it plainly appears from the face of the petition and any

1

exhibits annexed to it that the petitioner is not entitled to relief in the district court." In an order entered on February 20, 2008, Magistrate Judge Crocker noted that petitioner appeared to have procedurally defaulted his claims by failing to appeal the denial of his petition for a writ of certiorari to the state court of appeals. Dkt. #5. The magistrate allowed petitioner until March 21, 2008 within which to show cause why his petition should not be dismissed for procedural default. Id. The magistrate also noted that if petitioner failed to make such a showing, the court would consider his petition untimely and enter an order dismissing the petition with prejudice. Id.

It is undisputed that petitioner procedurally defaulted his claims by failing to file a petition for a writ of certiorari in the state circuit court and he has not shown that he has satisfied either exception to the default rule. Accordingly, the petition will be dismissed. Because petitioner's request to proceed in forma pauperis is moot, I will not address it.

From the petition and other documents submitted by petitioner, I find the following facts. The allegations of fact set forth in the February 20, 2008 order are incorporated by reference.

ALLEGATIONS OF FACT

On June 30, 1999, petitioner pled guilty to child exploitation in Milwaukee County Case No. 99 CF 1882. The court sentenced him to restitution and seven years in prison to be served consecutively to his federal sentence for a conviction related to the same conduct.

2

Petitioner was released from the Wisconsin prison system on November 15, 2004 on a discretionary parole grant and began serving state parole and federal supervised release simultaneously. The Wisconsin Department of Corrections' standard sex offender rules of supervision prohibited petitioner from making any contact with the victim without prior approval of his probation and parole agent. Dkt. #4, Pt. 2.

Petitioner was supervised by Gina Sippy, a probation and parole officer employed by the department. On December 28, 2005, Sippy was informed that petitioner had violated the no-contact rule by accepting phone calls from the victim, Alyssa W., between October 13 and November 3, 2005, obtaining a marriage license with Alyssa W. and marrying Alyssa W. on November 8, 2005 in the state of Virginia. Dkt. #4, Pt. 2 at 3-4. On February 10, 2006, petitioner was placed on a parole "hold." Id. at 20. A revocation hearing was held in Milwaukee, Wisconsin on December 28, 2006 before Andrew Riedmaier, an administrative law judge for the Wisconsin Division of Hearings and Appeals. Petitioner was represented by counsel. On January 12, 2007, Riedmaier revoked petitioner's parole. In his written decision, Riedmaier noted that in a written statement dated November 24, 2006, petitioner admitted to repeated conversations and in person contact with Alyssa W. Riedmaier also determined that the fact that the victim had reached the age of majority did not relieve petitioner of his obligation to follow the no-contact rule. Dkt. #4, Pt. 1 at 8-10.

Petitioner appealed the revocation decision to David Schwarz, Administrator of the Division of Hearings and Appeals. On February 2, 2007, Schwarz issued a decision

sustaining the administrative law judge's decision.  Pursuant to Wis. Stat. § 893.735(2),

petitioner had 45 days to appeal that decision to the state courts.  Dkt. #4, Pt. 2 at 1-2.

Petitioner received the decision on February 5, 2007.  It was his understanding that his

attorney would be filing a petition for certiorari in circuit court.  Dkt. #6 at 1.

Petitioner had difficulty communicating with his attorney, who eventually told

petitioner on March 13, 2007 that he would have to file a petition for writ of certiorari on

his own.  Dkt. #6 at 1.  Petitioner did not receive instructions from his attorney on how to

do this until March 17, 2007.  Petitioner placed his completed certiorari petition in the

prison mail receptacle on Sunday, March 18, 2007.  Mail does not leave the prison on

Sunday.  Dkt. #2 at 4-5.

The Milwaukee County Circuit Court received petitioner's certiorari petition on

March 23, 2007.  The circuit court determined that because petitioner's filing deadline was

March 19, 2007 (based on the February 2, 2007 decision date), the petition was four days

late.  Noting that the petition was signed by petitioner and postmarked on March 20, 2007,

the circuit court dismissed the petition as untimely.  The circuit court denied petitioner's

subsequent request for reconsideration on April 9, 2007, finding that petitioner had not

submitted any new facts or law supporting his request.  Dkt. #4, Pt. 2 at 17-18.

OPINION

Before seeking a writ of habeas corpus in federal court, petitioner must first exhaust

any state court remedies that are available to him in state court.  28 U.S.C. § 2254(b)(1)(A).

In order to comply with this requirement, a state prisoner "must give the state courts one

full opportunity to resolve any constitutional issues by invoking one complete round of the

State's established appellate review process."  O'Sullivan v. Boerckel, 526 U.S. 838, 845

(1999).  When a petitioner fails to fairly present to the state courts the claim on which he

seeks relief in federal court and the opportunity to present that claim in state court has

passed, the petitioner has procedurally defaulted his claim.  Perruquet v. Briley, 390 F.3d

505, 514 (7th Cir. 2004).

Petitioner attempted to present his claims to the state court by filing a petition for

writ of certiorari.  The Milwaukee County Circuit Court found that pursuant to Wis. Stat.

§ 893.735, petitioner had until Monday, March 19, 2007 within which to file his petition.

However, because the circuit court received the petition four days late, it dismissed the

petition without considering the merits of petitioner's claims.

Under the procedural default doctrine, a federal court cannot review a question of

federal law decided by a state court if the decision of the state court rests on a state

procedural ground that is independent of the federal question and adequate to support the

judgment.  Perruquet, 390 F.3d at 514; Moore v. Bryant, 295 F.3d 771, 774 (7th Cir.

2002).  A state ground is "independent" of the federal claim if the state court "actually relied

on a state rule sufficient to justify its decision," and it is "'adequate' only if the state court acts in a consistent or principled way." Prihoda v. McCaughtry, 910 F.2d 1379, 1382-83 (7th Cir. 1990). It is plain from the circuit court's decision that it relied on the well-established filing procedures set forth in Wis. Stat. § 893.735(2) to dismiss the petition.

Petitioner does not argue that his petition was timely. However, in his response to the court's February 20, 2008 order, he alleges that he did not receive the final decision of the Division of Hearings and Appeals until February 5, 2007, which would make his filing deadline March 22, 2007. Petitioner did not raise this argument in his petition or present any evidence to establish this fact. However, even assuming that his assertion is true, the circuit court did not receive the certiorari petition until March 23, 2007.

Petitioner also alleges that he placed his certiorari petition in the prison mail receptacle on Sunday, March 18, 2007. Wisconsin routinely applies the prison mailbox rule to *pro se* prisoners filing certiorari petitions. State ex rel. L'Minggio v. Gamble, 263 Wis.2d 55, 72-73, 667 N.W. 2d 1 (2003). The rule provides that the 45-day time limit in § 893.735(2) is tolled once a prison inmate places a certiorari petition in the institution's mailbox for forwarding to the circuit court. Id. Petitioner did not raise this argument in his habeas petition, and the circuit court did not address it in its decision. For completeness sake, I note that the circuit court did not err in not applying the tolling rule in petitioner's case. The court found that petitioner had signed the certiorari petition on March 20, 2008, two days after petitioner says he placed the certiorari petition in the prison mailbox.

6

Without evidence to the contrary, petitioner cannot avail himself of the tolling rule. Petitioner had the opportunity but failed to explain these discrepancies or cite supporting evidence in his subsequent request for consideration.

Where, as here, a petitioner commits state court procedural default, the federal court must deny the defaulted claim with prejudice, thereby foreclosing petitioner's opportunity for federal review of the claims, unless the petitioner can show (1) cause for the default and prejudice resulting therefrom; or (2) that enforcing the default would lead to a miscarriage of justice.  Perruquet, 390 F.3d at 514 (citing Wainwright v. Sykes, 433 U.S. 72, 87 (1977); Murray v. Carrier, 477 U.S. 478, 495-96 (1986)).  To establish cause, petitioner must show that "some objective factor external to the defense" impeded his efforts to comply with the state's procedural rule.  Id. at 514-15.  Alternatively, to show a miscarriage of justice, petitioner must convince the court that "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  Murray, 477 U.S. at 496.  To satisfy this requirement, petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of newly discovered evidence of innocence.  Schlup v. Delo, 513 U.S. 298, 325-27 (1995).

Petitioner blames his untimeliness on his former lawyer.  He alleges that until March 13, 2007, he thought that his lawyer would be filing the certiorari petition.  Petitioner asserts that communication with his lawyer had been "nearly impossible," he was transferred to a different institution on March 14, 2007 and his lawyer did not provide him with

instructions on how to file a certiorari petition until March 17, 2007.  However, as the magistrate judge warned, an attorney's error at a particular proceeding can constitute cause for a federal default only if the petitioner had a constitutional right to counsel at that proceeding.  Coleman v. Thompson, 501 U.S. 722, 757 (1991) ("Because [the petitioner] had no right to counsel to pursue his appeal in state habeas, any attorney error that led to the default of [his] claims in state court cannot constitute cause to excuse the default in federal habeas.").  Petitioner had no right to counsel to file a timely petition for certiorari review of a parole revocation administrative decision.  State ex rel. Griffin v. Smith, 2004 WI 36, 270 Wis. 2d 235, 677 N.W. 2d 259 (Wisconsin parolees have no right under either federal constitution or state law to have lawyer file timely petition for certiorari review of revocation decision).  Accord Ross v. Moffitt, 417 U.S. 600, 610-611 (1974) (no right to counsel on discretionary appeals); Gagnon v. Scarpelli, 411 U.S. 778, 782 (1973) (due process clause does not require states to provide counsel to all probationers facing probation revocation). Accordingly, neither the lawyer's refusal to file a certiorari petition nor his delay in responding to petitioner's request for information can constitute cause.

To the extent that petitioner's explanation can be construed as arguing that he did not know how to file a certiorari petition *pro se*, it is not persuasive.  *Pro se* status and lack of familiarity with the intricacies of the law or court system do not constitute adequate grounds for cause.  Barksdale v. Lane, 957 F.2d 379, 385-86 n.15 (7th Cir. 1992) (citing McKinnon v. Lockhart, 921 F.2d 830, 832-33 n.5 (8th Cir. 1990)); see also Vasquez v.

<u>Lockhart</u>, 867 F.2d 1056, 1058 (8th Cir. 1988).  Because petitioner has not shown cause for his procedural default, I do not need to decide whether petitioner can establish prejudice.

Finally, petitioner has not adduced any new evidence to show that the alleged constitutional violations would have probably resulted in his being found innocent.  It is unclear whether petitioner could actually avail himself of this exception because he is challenging a revocation decision and not his actual conviction.  <u>See</u> <u>Dellinger v. Bowen</u>, 301 F.3d 758, 767 (7th Cir. 2002) (refusing to apply miscarriage of justice standard where petitioner was challenging sentence and not underlying conviction).  In any event, petitioner has not established that he is actually innocent of the conduct that led to the decision to revoke his parole and extended supervision.  Petitioner does not deny committing the conduct that provided the basis for his parole revocation.  He admits that he spoke with the victim, obtained a marriage license and married her.  Petitioner raises the same arguments as he did at his revocation hearing.  He contends that he did not violate the no-contact rule because the victim contacted him as a consenting adult.  As the administrative law judge held, even if the victim initiated all of her contact with petitioner, petitioner still violated the conditions of his parole by responding to that contact without informing his parole agent. The victim's conduct or age is irrelevant.

It is plain from the petition and supporting documents that petitioner procedurally defaulted his claims and has not satisfied either exception to the procedural default doctrine.

9

His habeas petition will be dismissed under Rule 4 of the Rules Governing Section 2254

Cases.  Accordingly, petitioner's request to proceed in forma pauperis is moot and I will not

address it.


## ORDER

IT IS ORDERED:

1.      The petition of Michael Morris for a writ of habeas corpus under 28 U.S.C. § 2254

is DISMISSED WITH PREJUDICE on grounds of procedural default; and

2.      Petitioner's motion for leave to proceed in forma pauperis is DENIED.


Entered this 2nd day of April, 2008.

                                BY THE COURT:

                                /s/

                                BARBARA B. CRABB
                                District Judge